Michael M. Maddigan (SBN 163450)
Poopak Nourafchan (SBN 193379)
Vassi Iliadis (SBN 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com
poopak.nourafchan@hoganlovells.com
vassi.iliadis@hoganlovells.com

Attorneys for Defendants Blue Cross of
California d/b/a Anthem Blue Cross and
Anthem Blue Cross Life and Health Insurance
Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF MONTEREY dba NATIVIDAD MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No. 5:17-cv-04260-LHK<br><br>The Honorable Lucy H. Koh<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  January 24, 2019<br>Time:  1:30 p.m.<br>Room:  8, 4th Floor<br><br>Complaint Filed: July 27, 2017<br>Trial Date:  None Set |

Pursuant to Federal Rule of Evidence 201, Defendants Blue Cross of California dba Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company ("Anthem") respectfully request the Court take judicial notice of the following:

1. A true and correct copy of excerpts of the Administrative Services Agreement for Jointly Administered Arrangements entered into between Western Growers Assurance Trust, Western Growers, and Anthem Blue Cross Life and Health Insurance Company, dated effective January 1, 2017, attached as **Exhibit A**.

2. A true and correct copy of excerpts of the Administrative Services Agreement for Jointly Administered Arrangements entered into between Western Growers Assurance Trust-Milagrow, Western Growers, and Anthem Blue Cross Life and Health Insurance Company, dated effective January 1, 2013, attached as **Exhibit B**.

3. A true and correct copy of excerpts of the Administrative Services Agreement for Jointly Administered Arrangements entered into between Robert F. Kennedy Medical Plan and Anthem Blue Cross Life and Health Insurance Company, dated effective September 1, 2012, attached as **Exhibit C**.

4. A true and correct copy of excerpts of the Administrative Services Agreement for Jointly Administered Arrangements entered into between Laborers Health And Welfare Trust and Anthem Blue Cross Life and Health Insurance Company dba Anthem Blue Cross and Blue Shield, dated May 1, 2013, attached as **Exhibit D**.

5. A true and correct copy of excerpts of the Administrative Services Agreement for Jointly Administered Arrangements entered into between Operating Engineers Health and Welfare Fund and Anthem Blue Cross Life and Health Insurance Company, dated November 1, 2013, attached as **Exhibit E**.

6. A true and correct copy of excerpts of the Administrative Services Agreement for Jointly Administered Arrangements entered into between Operating Engineers Local 3 Health & Welfare Fund, Zenith American Solutions, Inc. ("TPA"), and Anthem Blue Cross Life and Health Insurance Company, dated November 29, 2016, attached as **Exhibit F**.

## AUTHORITY

### A. Applicable Standard

Judicial notice of a fact is proper where the fact is not subject to reasonable dispute because it is: (1) generally known within the territorial jurisdiction of the trial court or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence ("Rule") 201(b)(2). Courts are required to take judicial notice of facts if requested by a party and supplied with the necessary information under Rule 201(c)(2).

### B. Agreements Between Anthem Blue Cross Life and Health Insurance Company and Various ERISA Plans Referenced In Complaint

In ruling on a motion to dismiss, the Court may take judicial notice of matters referenced in the complaint. *Gerritsen v. Warner Bros. Entertainment,* 112 F. Supp. 3d 1101 (C.D. Cal. 2015). If the documents are not physically attached to

the Complaint, they may be considered if their authenticity is not contested and the plaintiff's Complaint necessarily relies on them. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).

Additionally, judicial notice of the text of a document referenced in a Complaint is proper under the doctrine of incorporation by reference. *See, e.g., Glenbrook Capital Ltd. P'ship v. Kuo,* 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of documents incorporated by reference in plaintiff's Complaint); *see also Baxter v. Intelius, Inc.,* SACV09-1031 AG MLGX, 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010) (holding that the court may consider certain documents in a motion to dismiss that are central to the plaintiff's claims and are referred to by the plaintiff in the pleadings); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)  (judicial notice is appropriate where the plaintiff's claim depends on the contents of a document, stating: "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

Here, Plaintiff Natividad Medical Center's ("Natividad") complaint specifically references Anthem's alleged agreement to serve as "plan administrator, or as the co-administrator, for various ERISA plans," including (1) Laborers Health and Welfare Trust Fund, (2) Operating Engineers Health and Welfare Trust Fund, (3) Western Growers Assurance Trust, and (4) Robert F. Kennedy United Farm Workers (Complaint, ¶¶ 7-8).  Anthem's Request for Judicial Notice asks the Court to take judicial notice of the Administrative Services Agreement for Jointly Administered Arrangements between these four self-funded plans and Anthem Blue

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:17-CV-04260-LHK

Cross Life and Health Insurance Company. True and correct copies of those agreements are attached to this Request for Judicial Notice as Exhibits A through F.

These agreements are not only the subject of allegations in Natividad's complaint, but they are also directly relevant to Natividad's claims and the arguments Anthem has made in favor of dismissing those claims. Indeed, this Court may consider these agreements in support of Anthem's Rule 12(b)(6) motion to dismiss because the agreements are implicitly referenced in Natividad's complaint and the documents are "central" to Natividad's claim. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (9th Cir.1993).

## CONCLUSION

For all of the foregoing reasons, Anthem respectfully requests that the Court grant its Request for Judicial Notice as to Exhibits A through D.

Dated:  October 29, 2018                **HOGAN LOVELLS US LLP**

By: /s/ Michael M. Maddigan

Michael M. Maddigan (SBN 163450)
Poopak Nourafchan (SBN 193379)
Vassi Iliadis (SBN 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com
poopak.nourafchan@hoganlovells.com
vassi.iliadis@hoganlovells.com

Attorneys for Defendants Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company