UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF MONTEREY DBA NATIVIDAD MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, et al.,<br><br>Defendants. | Case No. 17-CV-04260-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 37 |

Before the Court is a motion to dismiss filed by Defendants Blue Cross of California dba Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company (collectively, "Anthem") seeking to dismiss the sole claim in Plaintiff County of Monterey dba Natividad Medical Center's ("Natividad") complaint. *See* ECF No. 37. Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS Anthem's motion to dismiss without prejudice.

## I. BACKGROUND

### A. Factual Background

Natividad is a 172-bed acute care hospital owned and operated by the County of Monterey.

ECF No. 1 ("Compl.") ¶ 3. Natividad alleges that on August 1, 2012, Anthem and Natividad entered into a Facility Agreement pursuant to which Natividad agreed to provide certain healthcare services to Anthem members and Anthem agreed to pay Natividad certain rates for those services. *Id.* ¶ 12.

The Facility Agreement governs not only claims for Anthem's insureds, but also services and claims for members of "Other Payors" for whom Anthem provides claims processing services and to whom Anthem has sold, leased, transferred or conveyed its "Managed Care Network." *Id.* ¶ 13. Natividad alleges that these "Other Payors" include ERISA Plans "such as Delta Health Plan Laborers Health and Welfare Trust Fund, Operating Engineers Health and Welfare Trust Fund, Western Growers Assurance Trust, and Robert F. Kennedy United Farm Workers, *among others*." *Id.* ¶¶ 7, 13 (emphasis added). Natividad alleges that these Other Payors entered into contracts with Anthem that required the Other Payors to comply with the terms of Anthem's contracts with providers in Anthem's Managed Care Network, including the Facility Agreement between Anthem and Natividad. *Id.* ¶ 16.

At the time the parties entered into the Facility Agreement, Natividad did not have its certification to provide trauma services. *Id.* ¶ 17. Therefore, the parties did not agree upon trauma rates. *Id.* Instead, the Facility Agreement contemplated that the parties would negotiate new trauma rates once Natividad obtained its certification. *Id.* On January 5, 2015, Natividad received its certification to provide trauma services and began providing trauma services. *Id.* ¶ 19. However, Natividad alleges that the parties' attempts to negotiate trauma rates after that date were unsuccessful. *Id.* ¶ 20. As a result, Natividad alleges that Anthem has been improperly pricing trauma rates at the lower rates for emergency services in the Facility Agreement. *Id.* ¶¶ 22–23. Natividad also alleges that Anthem has recommended or instructed the ERISA Plans to pay Natividad's trauma claims at the emergency services rates. *Id.* ¶ 23.

Natividad alleges that it is an assignee of its patients' benefits under the ERISA Plans because "[a]s a condition of admission, every patient treated at Natividad signed an Assignment of Benefits form agreeing to, inter alia, assign his or her health insurance benefits to Natividad." *Id.*

2

Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

¶ 28. In its capacity as an assignee of its patients' benefits, and based on the above described allegations, Natividad asserts one claim against Anthem for failure to pay plan benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). *Id.* ¶¶ 26–37. Specifically, Natividad "believes that the reasonable and appropriate rate for trauma services is at or near 100% of its billed charges." *Id.* ¶ 20. Natividad further alleges that Anthem's explanation of benefits ("EOB") for each claim that was denied was "vague, and at times, nonsensical." Therefore, "Anthem's EOBs did not comply with the ERISA regulations, including not stating the specific and/or actual reasons for its failure to pay claims at the proper rate." *Id.* ¶¶ 32–33. Natividad acknowledges that it has not exhausted its administrative remedies, and alleges that "because of Anthem's nonsensical explanations for the denials of Natividad's claims in its EOBs, any appeals by Natividad would have been futile." *Id.* ¶¶ 34.

Natividad seeks compensatory damages and declaratory relief. *Id.* ¶ 38. Specifically, Natividad seeks a declaration that it is "entitled to be paid a reasonable and customary amount for the trauma services it has provided, and is providing to the ERISA Plans," and that Anthem's "practice of pricing, processing, and paying Natividad's trauma claims at the emergency services rate in the Facility Agreement is improper." *Id.*

**B. Procedural History**

Natividad filed its complaint on July 27, 2017. *See* Compl. In its complaint, Natividad alleges that "[i]n July 2016, Natividad filed a Demand for Arbitration against Anthem in JAMS pursuant to a provision in the Facility Agreement requiring the parties to resolve all disputes under the Facility Agreement in arbitration." *Id.* ¶ 24. "In the arbitration, Natividad is seeking a determination by the arbitrator as to the reasonable value of the inpatient and outpatient trauma services provided by Natividad." *Id.*

On November 11, 2017, the Court stayed the case pending the parties' arbitration. ECF No. 29. The Court ordered the parties to file a "joint case management statement or a stipulation of dismissal within 5 days of receiving an arbitration ruling, or no later than May 1, 2018." *Id.*

On August 17, 2018, Natividad filed a case management statement notifying the Court that

3

Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

on August 10, 2018, the Arbitrator issued a Final Award. ECF No. 31. Natividad argued that the arbitration included only California state law causes of action, but that this case involves other claims, and therefore Anthem can be held liable for these other claims. *Id.* at 2. Anthem filed their case management statement on August 20, 2018. ECF No. 32. Anthem contended that during the course of the arbitration, Natividad eliminated from the arbitration Natividad's claims beyond those for which Anthem is financially responsible. *See* ECF No 32 at 3.

On October 8, 2018, Anthem filed the instant motion to dismiss. ECF No. 37 ("Mot."). Natividad opposed on October 22, 2018. ECF No. 41 ("Opp'n"). Natividad attached to its opposition a declaration from its counsel and a copy of the Assignment of Benefits form that Natividad has its patients sign. ECF Nos. 41-1 ("Gordon Decl.") & 41-2 ("Assignment of Benefits Form"). Anthem replied on October 29, 2018. ECF No. 42 ("Reply"). Anthem attached to its reply objections and a request to strike Natividad's counsel's declaration, references to the declaration in Natividad's opposition, and the Assignment of Benefits form. ECF No. 42-1. Anthem contended that these documents "contain argument, opinions, and other 'facts' that go beyond the corners of Natividad's Complaint." *Id.* The Court DENIES Anthem's request to strike because the Court considers the declaration and the Assignment of Benefits form below. However, to the extent that Anthem argues that counsel's declaration cannot support any deficiencies in the complaint, the Court agrees, as is further discussed below.

On October 29, 2018, Anthem also filed a request for judicial notice asking that the Court take judicial notice of six agreements between Anthem and some of the ERISA Plans. ECF No. 43 ("Anthem's RJN"). Anthem argues that the Court may take judicial notice of these documents because they are referenced in the complaint. *Id.* at 3–4. Specifically, Anthem writes that Natividad's complaint references Anthem's alleged agreement to serve as plan administrator for various ERISA Plans, and the documents of which Anthem's requests judicial notice are the Administrative Services Agreements for these self-funded plans. *Id.* On January 10, 2019, Natividad filed objections to Anthem's request for judicial notice. ECF No. 46 ("Natividad's Objections"). Natividad argues that the documents of which Anthem requests judicial notice are

4

unexecuted and unauthenticated, as well as only excerpts, and therefore are incomplete. *Id.* at 1–2.

The Court agrees with Natividad and DENIES Anthem's request for judicial notice. Under the doctrine of incorporation by reference, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents whose contents are alleged therein, provided the complaint "necessarily relies" on the documents or contents thereof, and the documents' authenticity and relevance are uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 250 F.3d 668, 679 (9th Cir. 2002). Here, Natividad has provided valid reasons to contest the documents' authenticity, namely because the documents are unexecuted, and Anthem has failed to file a declaration regarding their authenticity.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially

5
Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Anthem primarily argues that Natividad's complaint should be dismissed for failure to plead its factual allegations with specificity. Specifically, Anthem asserts that Natividad has not adequately pled standing or that Anthem is the proper defendant. The Court considers each of

Anthem's arguments below.[1]

**A. Natividad's Complaint Fails to Plead Factual Allegations with Specificity**

Plaintiff brings its sole claim under 29 U.S.C. § 1132(a)(1)(B) for failure to pay ERISA plan benefits. ERISA provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

Anthem argues first that Natividad's complaint fails to plead its factual allegations with adequate specificity pursuant to Federal Rule of Civil Procedure 8(a)(2) and *Iqbal*, which requires that the "plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678; *see* Mot. at 4–5. Specifically, Anthem argues that although "Natividad alleges a claim for relief under section 1132(a)(1)(B) for the purported failure to pay claims for trauma treatment rendered to patients covered by certain ERISA Plans whose claims were allegedly administered by Anthem," "Natividad does not identify the specific claims, dates of service, or members anywhere in the Complaint." Mot. at 4. "Similarly, the Complaint avers that Anthem's explanations for why certain claims would not be paid were insufficient; however, it does not reference the specific explanations of benefits or disputed claims." *Id.* (citing Compl. ¶ 32). "Natividad does not identify, cite to, or quote the ERISA plan provisions Anthem purportedly breached." *Id.* (citing Compl. ¶¶ 34–36). Anthem's reply emphasizes that "the Complaint [does] not even identify the specific claims or plans at issue." Reply at 1.

Natividad responds that Anthem is "well aware" of the benefits claims at issue because

---

[1] Anthem also raises for the first time in its reply brief the argument that Natividad's complaint alleges no facts showing that Natividad exhausted its administrative remedies before bringing its claim in federal court. Opp'n at 11–12 ("Natividad attempts to wave off this requirement by merely alleging that 'any appeals by Natividad would have been futile,' with no further explanation."). However, arguments raised for the first time in a reply brief are deemed waived. *United States v. Alcan Elec. & Eng'g, Inc.,* 197 F.3d 1014, 1020 (9th Cir. 1999) (finding the issue "waived" when raised for the first time in a reply brief). Therefore, the issue is waived, and the Court need not consider it.

7
Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

they are a subset of claims Natividad asserted in an arbitration between the parties and were exchanged in a spreadsheet between the parties. Opp'n at 1–2. In support, Natividad attaches the declaration of its counsel. *See* Gordon Decl. Natividad also asserts that it did not include specific information about the claims or dates of service in the complaint due to patient privacy concerns. Opp'n at 5.

The Court agrees with Anthem that Natividad's allegations are insufficient. Notably, although Natividad's brief discusses at length the arbitration that it believes would have put Anthem at notice, none of this information appears in the complaint. "Defendants are not required to guess at the basis of [a plaintiff's] claims." *See Primo v. Pac. Biosci. of Cal., Inc.*, 940 F. Supp. 2d 1105, 1112 (N.D. Cal. Apr. 15, 2013) (rejecting plaintiff's argument that, because the defendants could discern plaintiff's claim "well enough to draft a motion to dismiss," plaintiff had satisfied Rule 8). Further, the fact that some of this information appears in Natividad's opposition and its counsel's declaration does not save the deficiencies in the complaint. On a motion to dismiss, the Court is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Thus, the Court may not consider Natividad's new factual allegations in its opposition to the instant motion or Natividad's counsel's declaration.

The Court further agrees that important factual allegations are missing from the complaint, including the specific claims, dates, explanations of benefits, and the ERISA plan provisions at issue. *See, e.g.*, *B.R. v. Beacon Health Options*, No. 16-CV-04576-MEJ, 2017 WL 2351973, at *2–3 (N.D. Cal. May 31, 2017) ("[T]he FAC does not identify specific provisions that cover W.R.'s treatment at Ascend Recovery or Spring Lake Ranch; nor does it identify the provisions of the SAG Plan Plaintiffs contend SAG-AFTRA violated. . . . Plaintiffs must identify those terms of the Plan on which their claim is based with sufficient specificity to show their claim is plausible on its face."). Without these details, Natividad's allegation that Anthem breached the ERISA Plan provisions is conclusory, *see* Compl. ¶ 36, and the complaint does not allege facts sufficient to show that Natividad is owed benefits. *See* Compl. ¶ 37; *see also Adams*, 355 F.3d at 1183 (Mere

8
Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

"conclusory allegations of law . . . are insufficient to defeat a motion to dismiss.").

Because granting Natividad an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Anthem, and Natividad has not acted in bad faith, the Court dismisses with leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

The Court appreciates Natividad's concerns about patient privacy. The Court requests that the parties meet and confer to assess whether claim numbers, patient numbers, or some other claim or patient identifiers could be used in public filings that would protect patient privacy, but enable the parties to identify the relevant claim or patient without sealing. Using such identifiers would minimize the sealing burdens on the parties and the Court in this case.

However, should sealing be necessary, Natividad may file a motion to seal portions of the complaint pursuant to Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

**B. Natividad's Complaint Insufficiently Alleges Standing**

Anthem argues second that Natividad's complaint should be dismissed for inadequately pleading that Natividad has standing to pursue its ERISA claim. The Court agrees.

ERISA provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. §

9
Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

1132(a)(1)(B). The Ninth Circuit has held that healthcare providers are not "beneficiar[ies]" for ERISA purposes. *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 875 (9th Cir. 2017). Healthcare providers therefore do not have direct authority as beneficiaries to sue under ERISA "to recover payments due them for services rendered, or otherwise to enforce the statute's protections." *Id.* Thus, Natividad, a medical and healthcare services provider, is not a participant or a beneficiary that is authorized to sue under ERISA.

However, "ERISA does not forbid *assignment* by a beneficiary of his right to reimbursement under a health care plan to the health care provider." *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam) (emphasis added); *see also Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014), *cert denied, United Healthcare of Ariz., Inc.*, 136 S. Ct. 317 (2015) ("As a non-participant health care provider, Spinedex cannot bring claims for benefits on its own behalf. It must do so derivatively, relying on its patients' assignments of their benefits claims."); *DB Healthcare*, 852 F.3d at 875 (reiterating rule that health care providers must bring ERISA claims derivatively by relying on its patients' assignments of their benefits claims). Relying on the above legal authority, Natividad alleges that it has standing to pursue this action derivatively as an assignee of its patients' ERISA benefits. Compl. ¶ 28. Specifically, Natividad alleges that "[a]s a condition of admission, every patient treated at Natividad signed an Assignment of Benefits form agreeing to, inter alia, assign his or her health insurance benefits to Natividad." *Id.*

The Court finds this allegation insufficient. The Court agrees with Anthem that, at bare minimum, Natividad should allege the specific language of the assignment itself. *See* Mot. at 6. This is because whether an assignee has standing to sue under ERISA depends on whether the claims at issue fall within the scope of the assignment. *DB Healthcare*, 852 F.3d at 876. "To determine the scope of the assignment, a court 'must look to the language of an ERISA assignment itself.'" *Creative Care, Inc. v. Conn. Gen. Life Ins. Co.*, No. CV 16-9056-DMG (AGRx), 2017 WL 5635015 (C.D. Cal. July 5, 2017) (quoting *In re Wellpoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 896 (C.D. Cal. 2012), and citing *Eden Surgical*

10

Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

*Ctr. v. B. Braun Med., Inc.*, 420 F. App'x 696, 697 (9th Cir. 2011)). Here, Natividad neither quotes from the operative assignment language nor does Natividad attach to the complaint a copy of any agreement containing the alleged assignment that would allow the Court to determine the assignment's scope.

Natividad does not contest this failure, and instead argues that the Court should give credit to the assignment language provided in its opposition and attached to Natividad's counsel's declaration. Opp'n at 8 ("The Court could require Natividad to amend the Complaint to include this language of the Assignment of Benefits, but with it available here, such a step seems unnecessary."). However, Natividad does not specifically request that the Court take judicial notice. Moreover, Natividad acknowledges that it could "easily cure any deficiency by quoting the language of its assignment of benefits and/or attaching a sample assignment of benefits to any amended complaint." Oppn' at 8.

The Court finds that granting Natividad an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Anthem, and that Natividad has not acted in bad faith. *See Leadsinger, Inc.*, 512 F.3d at 532. Accordingly, the Court dismisses with leave to amend.[2]

### C. Natividad's Complaint Fails to Adequately Allege a *De Facto* Plan Administrator

Third, Anthem argues that Natividad's ERISA claim fails because Natividad does not allege sufficient facts to show that Anthem is a *de facto* plan administrator or otherwise a proper defendant. Mot. at 7–10; Reply at 3–8.

The Ninth Circuit has explained that "proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and *de facto plan administrators that improperly deny or cause improper denials of benefits*." *Spinedex*, 770 F.3d at 1297 (emphasis

---

[2] Because the Court declined to take judicial notice of Anthem's unauthenticated documents, the Court declines to address Anthem's argument regarding anti-assignment clauses that is based on these documents. *See* Reply at 10.

11
Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

added); *see also Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1204, 1207 (9th Cir. 2011) ("[A]n entity other than the plan itself or the plan administrator may be sued under that statute in appropriate circumstances. . . . [T]he plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay them," and therefore, there may be other "logical defendant[s] for an action by [plaintiff] to recover benefits due to her under the terms of the plan and to enforce her rights under the terms of the plan, which is precisely the civil action authorized by § 1132(a)(1)(B)."). "Suits under § 1132(a)(1)(B) to recover benefits may be brought against the plan as an entity and against the fiduciary of the plan." *Spinedex*, 770 F.3d at 1297 (quotation marks, citation and emphasis omitted). A fiduciary of an ERISA plan is any entity that: (i) "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets;" (ii) "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has authority or responsibility to do so;" or (iii) "has any discretionary authority or discretionary responsibility in the administration of such plan." *Id.* at 1298; *see also* 29 U.S.C. § 1002(21)(A). The relevant question is whether the defendant "effectively controlled the decision whether to honor or to deny a claim." *Cyr*, 642 F.3d at 1204.

Natividad argues that it sufficiently alleges that Anthem is a proper defendant under *Cyr* because it alleges that Anthem acted as the *de facto* plan administrator and determined the amount the ERISA Plans paid Natividad for the trauma services. Opp'n at 10; *see* Compl. ¶ 23 ("Natividad is informed and believes that Anthem has recommended and/or instructed the ERISA Plans to pay Natividad's trauma claims at the emergency services rates, and that the ERISA Plans are relying on and using Anthem's processing and pricing of the trauma claims at the emergency services rate to underpay the trauma claims."). Natividad also argues it alleges actions showing that Anthem acted as the *de facto* plan administrator for each of the Plans at issue, including that Anthem "provided plan documents to participants, received benefit claims, evaluated and processed those claims, made benefit determinations, made and administered benefit payments, and handled appeals of benefit determinations." Compl. ¶ 8.

12
Case No. 17-CV-04260-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Anthem's primary concern with Natividad's allegations as to Anthem's *de facto* plan administrator status is that the allegations lack specific and necessary details. Mot. at 9. For example, "Natividad's Complaint does not identify the specific underlying claims or all of the ERISA Plans allegedly at issue, much less plead any factual detail showing that Anthem 'made benefit determinations' for those Plans." *Id.* Anthem argues "it is important that a Complaint attempting to sue a third party like Anthem as a *de facto* fiduciary under *Cyr* be specific about the underlying claims, specific Plan language, relevant agreements between Anthem and the Plans, and other facts that purportedly make Anthem a *de facto* Plan fiduciary." *Id.*

The Court agrees. As discussed above, Natividad's complaint does not identify the specific underlying claims and dates or other details related to those claims. Instead, the complaint just broadly suggests that the ERISA Plans are relying on Anthem and are underpaying the trauma claims by pricing them at the emergency services rate. Compl. ¶ 23. Importantly, the complaint does not identify exactly which ERISA Plans are at issue. Instead, the complaint cites examples of various ERISA plans, "such as Delta Health Plan, Laborers Health and Welfare Trust Fund, Operating Engineers Health and Welfare Trust Fund, Wester Growers Assurance Trust, Robert F. Kennedy United Farm Workers, *among others*." *Id.* ¶ 7 (emphasis added). Natividad's opposition acknowledges that Natividad has named only "*some* of the specific ERISA plans at issue." Opp'n at 10–11 (emphasis added). Further, because Natividad does not specifically identify the ERISA Plans or claims at issue, the related allegations about how Anthem controlled or managed these ERISA Plans are necessarily vague and conclusory.

Because granting Natividad an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Anthem, and because Natividad has not acted in bad faith, the Court dismisses with leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, Anthem's motion to dismiss is GRANTED without prejudice. If Natividad elects to file an amended complaint, Natividad must do so within 30 days of this order. If Natividad fails to file an amended complaint within 30 days or cure the deficiencies identified

13

herein, Natividad's complaint will be dismissed with prejudice. Natividad may not add new causes of action or new parties without stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: January 28, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge