UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF MONTEREY,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE CROSS OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 17-CV-04260-LHK<br><br>**ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 158 |

On February 12, 2020, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. ECF No. 149. The Court then ordered the parties to file a joint statement by February 24, 2020 identifying how the parties would like to proceed. ECF No. 150. In particular, the Court asked the parties to consider three options: "(1) Whether the parties would like to conduct another private mediation; and (2) Whether the parties would like the Court to certify its February 12, 2020 order for interlocutory appeal and otherwise stay the case; or (3) Whether the parties would like to set a case schedule to litigate the next set of claims." ECF No. 150 at 1–2.

On February 24, 2020, the parties filed a joint statement. ECF No. 158. In the joint statement, Plaintiff "requests [that] the Court set a briefing schedule on a motion to reconsider its

1
Case No. 17-CV-04260-LHK
ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1   ruling on Anthem's motion for summary judgment." *Id.* at 1.

2   Under Local Rule 7-9, leave of the Court is required before a party may file a motion for
3   reconsideration of an interlocutory order. Local Rule 7-9(b) only allows for reconsideration if the
4   moving party can show:

> (1) That at the time of the motion for leave, a material difference in fact or law
> exists from that which was presented to the Court before entry of the interlocutory
> order for which reconsideration is sought. The party also must show that in the
> exercise of reasonable diligence the party applying for reconsideration did not
> know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time
> of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal
> arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Here, Plaintiff does not demonstrate that any of the foregoing circumstances applies. Plaintiff merely asserts that the Court "*sua sponte* granted summary judgment in Anthem's favor" on the issue of "whether Anthem, as the administrator of the ERISA plans at issue, abused its discretion in applying the emergency services rate in the Facility Agreement to the trauma claims at issue." ECF No. 158 at 1. According to Plaintiff, Plaintiff possesses additional "evidence [that] will show that Anthem abused its discretion," but that Plaintiff did not have the opportunity to present this evidence. *Id.* at 2. The Court construes Plaintiff's argument to mean that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order." L.R. 7-9(b). However, Plaintiff cannot show that Plaintiff "did not know such fact or law at the time of the interlocutory order." *Id.*

Plaintiff specifically moved for summary judgment on the issue of whether Defendant abused its discretion on several different bases, including arguments from evidence in the record and the application of issue preclusion. For example, Plaintiff's motion for summary judgment

2

included a section entitled, "Anthem Abused Its Discretion in Using the Emergency Services Rate in the Facility Agreement to Price the Trauma Claims." ECF No. 95 at 14–17. The issue was fully briefed, with both sides presenting arguments on whether Defendant abused its discretion as plan administrator. For example, Defendant's opposition to Plaintiff's motion for summary judgment included a section entitled, "Anthem Did Not Abuse Its Discretion In Applying the Emergency Services Rate In The Facility Agreement." ECF No. 117 at 22. In its reply, Plaintiff then included a section entitled "Anthem Abused its Discretion in Applying the Emergency Rate." ECF No. 127 at 14.

Further, in Plaintiff's own motion for summary judgment, Plaintiff squarely contended "that most, if not all, of the issues can be decided on summary judgment" because "[t]here are no material facts in dispute." ECF No. 95 at 2. Plaintiff now appears to take the diametrically opposite position, and argues that "there are material facts in dispute." ECF No. 158. Plaintiff's positions cannot be reconciled. It is clear in light of Plaintiff's own representations to the Court that Plaintiff "had a full and fair opportunity to ventilate the issues involved." *Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014) (internal quotation marks and citation omitted).

In any event, as the Court previously explained, Plaintiff's arguments apply the wrong legal standard. Plaintiff argues that there are "material facts in dispute" on the question of abuse of discretion. ECF No. 158 at 2. However, the Ninth Circuit has repeatedly emphasized that "[t]raditional summary judgment principles have limited application in ERISA cases governed by the abuse of discretion standard." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 930 (9th Cir. 2012). In abuse-of-discretion cases, "the usual tests of summary judgment, *such as whether a genuine dispute of material fact exists*, do not apply." *Id.* (internal quotation marks and citation omitted, emphasis added). Instead, the motions for summary judgment merely provided "the conduit to bring the legal question before the district court." *Nolan v. Heald College*, 551 F.3d 1148, 1154 (9th Cir. 2009) (internal quotation marks and citation omitted); *see also Mason v. Fed. Express Corp.*, 165 F. Supp. 3d 832, 857 (D. Alaska 2016) ("In cases where the abuse of discretion standard applies, whether the administrator abused its discretion is a question of law,

3

not fact, *based on a review of the administrative record*, as opposed to a trial." (emphasis added)).

Accordingly, to the extent that Plaintiff seeks leave of the Court to file a motion for reconsideration, the Court DENIES Plaintiff leave to file a motion for reconsideration.

Again, the Court ORDERS Plaintiff to file a statement selecting from the three options that the Court laid out in its previous order. ECF No. 150. Plaintiff shall do so by 5:00 p.m. on Tuesday, February 25, 2020.

**IT IS SO ORDERED.**

Dated: February 24, 2020

_____
LUCY H. KOH
United States District Judge